UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CR-20287-ROSENBERG/REID

UNITED STATES OF AMERICA,

    Plaintiff,
v.

LEONARDO BORREGO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON A PETITION FOR FINAL SUPERVISED RELEASE REVOCATION

THIS MATTER came before the Court for a final supervised release revocation hearing on September 27, 2024, upon a Petition for Warrant for Offender Under Supervision as to Defendant Leonardo Borrego. [ECF No. 281]. This matter was referred to the Undersigned by the Honorable Robin L. Rosenberg to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. [ECF No. 347].

**Admissions to Violation Numbers 1–3**

Defendant admitted to Violation Numbers 1–3 during the September 27, 2024, hearing. The Petition alleges as follows regarding these violations:

1. **Violation of Standard Condition**, by failing to notify the probation office of any change in employment. On or before May 3, 2017, the defendant left his employment with Minority Resources, Inc, located at 15421 SW 101 Avenue, Miami, Florida, and failed to notify the probation officer.

2. **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or before February 28, 2017, the defendant moved from his approved residence of 2929 SW 25 Street, Miami, Florida, and failed to notify the probation officer 10 days prior to any change and his whereabouts is unknown.

1

    3. **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report within the first five days of each month. The defendant has failed to submit written monthly reports for January 2017 to April 2017.

[ECF No. 281 at 2].

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to Violation Numbers 1–3 is knowing and voluntary. Defendant was advised that the maximum penalty the District Judge may impose is a term of up to five years' imprisonment. Defendant acknowledged that he understands the penalties and has discussed with his attorney the applicable guidelines range and the maximum penalties.

The undersigned questioned Defendant on the record and ensured that he understood his right to an evidentiary hearing on Violation Numbers 1–3. Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions to Violation Numbers 1–3 is accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition.

## CONCLUSION

Accordingly, based on the representations of counsel and the United States Probation Officer, and having had the opportunity to observe and hear directly from Defendant, the undersigned recommends that the Court accept Defendant's admission of guilt as to the allegations set forth in Violation Numbers 1–3, as charged in the Petition [ECF No. 281], and conduct a final sentencing hearing on the violations.

The parties will have five (5) calendar days from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the

District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**SIGNED** this 27th day of September 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Robin L. Rosenberg; and**

**All Counsel of Record**